**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**ANGEL MOORMAN,**

Plaintiff,

v.                                         **Civil Action No.: 5:23-CV-334**
Judge Bailey

**UNITED STATES OF AMERICA,**

Defendant.

## REPORT AND RECOMMENDATION

## I. Background

On November 13, 2023, plaintiff initiated this *pro se* civil action by filing a complaint under the Federal Tort Claims Act ("FTCA").  The plaintiff is a federal inmate who, at the time the allegations occurred, was incarcerated at FCI Hazelton ("Hazelton") in Bruceton Mills, West Virginia.  Because the Complaint was not on the court-approved form, plaintiff was sent a Notice of Deficient Pleading.  [Doc. 3].  On December 12, 2023, plaintiff submitted his Complaint on the form.  [Doc. 5].

Because plaintiff's Complaint indicated that he did not file an SF-95 form or any other written notice of his claim, the undersigned entered an Order directing plaintiff to provide copies of his remedy form or any other exhaustion within twenty-one days. [Doc. 9].  On February 5, 2023, plaintiff submitted a supplemental filing, [Doc. 11], which he claims shows that he has exhausted his claims.

This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for

submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons that follow, the undersigned recommends that the Complaint be dismissed.

## II. Background

Plaintiff's Complaint arises out of an alleged use of excessive force which occurred while plaintiff was incarcerated at FCI Hazelton in Bruceton Mills, West Virginia.  Plaintiff alleges that several Bureau of Prisons ("BOP") officers used slurs toward him, pepper sprayed him, and struck him with a cell door after plaintiff was confined to a gurney.  He brings claims under the FTCA for negligence, assault and battery, and intentional infliction of emotional distress.

On May 12, 2020, plaintiff filed a Complaint in this Court against the individual officers under *Bivens v. Six Unknown named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).   Civil Action Number 5:20-CV-93.   That case was eventually dismissed on April 5, 2023.

On November 13, 2023, plaintiff filed the instant Complaint, suing the United States under the FTCA for the same events which gave rise to his *Bivens* case.  However, in his Amended Complaint, plaintiff indicated that he did not file an FTCA Claim Form (SF-95) or any other type of written notice of his claim.   [Doc. 5 at 4].   Accordingly, the undersigned entered an Order directing plaintiff to file copies of the SF-95 remedy he filed or any other evidence of exhaustion.   [Doc. 9].   On February 5, 2024, plaintiff filed a response.  In his response he argued that the purposes of exhaustion were achieved through actual notice when he filed his earlier *Bivens* case.  [Doc. 11].  Plaintiff also attached copies of remedy forms he had filed with the Bureau of Prisons.

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact.  ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989).  However, the court must read *pro se* allegations in a liberal fashion.  ***Haines v. Kerner***, 404 U.S. 519, 520 (1972).   A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  *See **Neitzke*** at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless."  ***Denton v. Hernandez***, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  *See **Estelle v. Gamble***, 429 U.S. 97, 106 (1976).

### IV. Analysis

The FTCA is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of the negligent acts of agents of the United States.  The United States cannot be sued in a tort action unless Congress has waived the government's sovereign immunity and authorized suit

---

[1] ***Id.*** at 327.

3

under the FTCA.  ***Dalehite v. United States***, 346 U.S. 15, 30–31 (1953). The FTCA provides a limited waiver of sovereign immunity for "money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."  28 U.S.C. § 2675(a).  Section 2674 of the Act further provides as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674.

In order to maintain a case against the United States under the FTCA, the plaintiff must demonstrate that his action is permissible under the FTCA and satisfies the necessary elements of a tort claim under state law.  It is a jurisdictional requirement that the plaintiff in such a case file and exhaust an administrative claim prior to filing suit.  *See* 28 U.S.C. § 2675; *see also **Muth v. United States***, 1 F.3d 246, 249 (4th Cir. 1993); ***Dupont v. United States***, 980 F. Supp. 192, 195 (S.D. W.Va. 1997); ***Johnson v. United States***, 906 F. Supp. 1100 (S.D. W. Va. 1995); ***McCoy v. U.S.P.S.***, 890 F. Supp. 529, 531–32 (S.D. W. Va. 1995); ***Hurt v. United States***, 889 F. Supp. 248, 252 (S.D. W.Va. 1995).

The first step in the FTCA process is an administrative filing under 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or admission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate

4

Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of the claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. 2675(a).  Under 28 U.S.C. § 2401, the claim must be filed within two years of

the occurrence or within six months after a final denial of the claim.

The BOP has adopted a Program Statement which explains, clearly and in detail,

the procedure by which inmates may recover monetary damages for personal injuries

sustained while in custody.  Program Statement 1320.06 ("Federal Tort Claims Act"),

Paragraph 7 ("Filing a Claim") describes the procedure for obtaining a Standard Form

("SF-95") and filing a claim.  Among the items required on the SF-95 is a "sum certain"

(i.e., a specific amount of money).  This information is mandatory, as the United States

Court of Appeals for the Fourth Circuit explained in *Kokotis v. U.S. Postal Serv.*, 223

F.3d 275, 278-279 (4th Cir. 2000) (citations omitted):

An administrative claim must be properly presented. The FTCA's implementing regulations consider a claim to be properly presented when the government receives a completed SF 95 (or other written notification of an incident), and "a claim for money damages in a sum certain …" 28 CFR § 14.2(a) (1999) (emphasis added); *see also* 39 CFR § 912.5(a) (1999). Requesting a sum certain is a necessary element of any FTCA administrative claim. Failure to request a sum certain within the statute of limitation deprives a district court of jurisdiction over a subsequently filed FTCA suit. *See Ahmed v. United States*, 30 F.3d 514 (4th Cir.1994); *Kokaras v. United States*, 980 F.2d 20, 22 (1st Cir.1992); *Adkins v. United States*, 896 F.2d 1324, 1326 (11th Cir.1990).

Because the FTCA is a waiver of sovereign immunity, careful compliance with procedural

requirements – such as filing of the administrative claim—is not only mandatory but is

also "jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121,

123 (4th Cir. 1986).

Here, petitioner indicates on his Complaint that he did not file an SF-95 with the BOP Regional Office.   [Doc. 5 at 4].   Thus, it appears he has failed to exhaust administrative remedies prior to filing his suit.  In his Supplemental Filing, plaintiff provides copies of an informal resolution form (BP-8), the response, a request to a staff member response, a Regional Administrative Remedy Appeal form (BP-10), and the BOP's response. [Docs. 11 & 11-1].  In his Supplemental Filing, plaintiff also argues that "Plaintiff would further show that the purposes of exhaustion, that is to put the Bureau of Prisons on notice of claims being made against it, were achieved through provision of actual notice of the very same claims made in Civil Action 5:20-CV-93 which was dismissed by this Court in April 2023."  [Doc. 11 at 1].

Plaintiff did not file an SF-95, and it appears he has thus failed to exhaust administrative remedies.  Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the Court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte.  ***Custis v. Davis***, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.").  Even if this Court were to construe the plaintiff's administrative remedies as appropriate written notification of the incident to the BOP, none of them contain a request for a sum certain which is a necessary element of any FTCA administrative claim.  Insofar as plaintiff argues the Court should construe his earlier ***Bivens*** Complaint as a notification, the Complaint in that case was made against individual BOP employees rather than the agency.  Further, the claim must be presented *prior* to filing suit, and the undersigned

finds that allowing plaintiff to substitute his earlier filing of a federal lawsuit in place of exhausting administrative remedies would directly oppose the purposes of the requirement.  *See McNeil v. United States*, 508 U.S. 106, 111 (1993) (underlying purpose of § 2675(a) includes allowing the federal agency "a fair opportunity to investigate and possibly settle the claim before the parties must assume the burden of costly and time-consuming litigation.").

The undersigned recognizes that the plaintiff is a *pro se* litigant, however his ignorance of the requirements of properly exhausting his administrative remedy for purposes of the FTCA is not a defense to dismissal.  *See Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004) (citing 28 U.S.C. § 2675(a)) ("a plaintiff must first file an administrative claim with the appropriate federal agency before suing for relief in federal court" and "[t]his procedural hurdle applies equally to litigants with counsel as to those proceeding *pro se*.").

## V. Recommendation

For the reasons set forth above, it is the undersigned's recommendation that the Complaint be **DISMISSED WITHOUT PREJUDICE**, and that the pending Motion for Leave to Proceed *in forma pauperis* [**Doc. 6**] be **DENIED AS MOOT**, and the fee waived.

The parties shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless

7

accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to plaintiff's last known address as reflected on the docket sheet.

**DATED**: February 8, 2024.

*/s/ James P. Mazzone*

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE